IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | |
| AND PETITION OF JOSEPH ANTHONY | § | Civil Action No. 19-cv-71 |
| BONO, III AS OWNER OF THE M/V | § | |
| RUNABOUT FOR EXONERATION FROM | § | |
| OR LIMITATION OF LIABILITY | § | Admiralty Rule 9(h) |

**COMPLAINT AND PETITION FOR
EXONERATION FROM OR LIMITATION OF LIABILITY**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Petitioner, JOSEPH ANTHONY BONO, III, as owner of the 2018 M/V Runabout, HIN: CBEB0026L718 (the "Vessel"), her engines, gear, tackle, appurtenances, etc., and in a cause of action for exoneration from or limitation of liability, civil and maritime, pursuant to and in compliance with Rule 9(h) of the Federal Rules of Civil Procedure, 46 U.S.C. §§ 30501, *et seq.*, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, respectfully shows the Court as follows:

**JURISDICTION**

1. This is a case of admiralty and maritime jurisdiction, as hereunder more fully appears, under 28 U.S.C. § 1333 and is filed pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims. Petitioner confirms this action is not related to any previously filed case in this Court.

**VENUE**

2. As the Vessel has not been arrested or libeled and no suit is pending against Petitioner, he affirmatively shows that venue is proper in this district pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims as the Vessel is now and will be during the pendency of this action located within this District.

2705502v.1

## FACTS

3. Petitioner is a Texas resident.

4. At all relevant times, Petitioner owned the Vessel. Prior to and during the events hereinafter described, the Vessel was, and still is, a Runabout Boat X Series with the following dimensions and descriptions:

> Vessel Manufacturer: Boat Right Customs
> Year of Vessel Manufacture: 2018
> Vessel Model: Runabout
> Vessel Hull Identification No.: CBEB0026L718
> Length: 25 feet
> Registration No.: TX8751ED
> Total Horsepower: 250
> Power Type: Outboard
> Year of Engine Manufacture: 2017
> Engine Model: Tohatsu
> Hull Material: Aluminum

5. Prior to and at all times hereinafter described, Petitioner exercised due diligence to make such Vessel seaworthy, and at the time of the commencement of the voyage described in this Complaint, and throughout the course of the voyage, the Vessel was tight, staunch, strong, fully and properly manned, equipped and furnished, and in all respects seaworthy and fit for the services and voyage in which it was engaged.

6. On or about June 16, 2018, the Vessel was traveling in navigable waters on the Intracoastal Waterway near Sargent, Texas in or near Brazoria County.

7. Lisa Bromiley, one of several passengers on the Vessel, allegedly sustained significant injuries. Ms. Bromiley retained an attorney, Michael R. Cowen, who presented a claim for damages on August 31, 2018. Mr. Cowen will be provided a copy of this Complaint and Petition for Exoneration from or Limitation of Liability.

8. The alleged incident described above, and all damages allegedly resulting therefrom, were not caused or contributed to by any fault, negligence, unseaworthiness, design or want of care on the part of the Vessel, nor by Petitioner, nor by anyone for whom Petitioner may be responsible, and was occasioned and incurred without the privity or knowledge of Petitioner.

9. There are no demands, unsatisfied liens or claims of liens, in contract or in tort, against the Vessel, so far as Petitioner knows. There are no pending suits against Petitioner, nor has the Vessel been arrested, attached or sued to answer for any claims arising during the aforementioned voyage and incident.

10. The first operative written notice of a claim to Petitioner was on August 31, 2018, a copy of which is attached as Exhibit A.

11. This Complaint is timely filed under Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims because it is brought within six months after Petitioner's receipt of a written claim for damages. No other person has given written notice concerning the voyage in question.

12. The disputed amount of the claim that has arisen, and potential others, if any, reasonably related to arise from the events in question, exceed the amount and value of Petitioner's interest in the Vessel immediately after the events in question and at the time of the termination of the voyage.

13. As shown in the Marine Surveyor's Certification of Value, attached as Exhibit B, Petitioner's interest in the Vessel following the incident is approximately $ 73,000.00. The Vessel sustained no damage as a result of the alleged incident other than a broken transducer bracket.

14. In addition to the Marine Surveyor's Certification of Value, Petitioner attaches, as Exhibit C, a Letter of Undertaking.

## CAUSES OF ACTION

15. Petitioner contests his liability and the liability of the Vessel for the incident and alleged damages and claims exoneration from liability for any and all injuries, death, losses, or damages occurring as a result of the events in question and for any and all claims therefore. Petitioner alleges he has valid defenses on the law and the facts. Therefore, Petitioner and the Vessel are entitled to complete exoneration.

16. Further, Petitioner, without admitting but affirmatively denying all liability, claims the benefit of the limitation of liability provided by The Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, (formerly 46 U.S.C. §§ 181, *et seq.*) and the various statutes supplemental thereto and amendments thereof, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and any and all Acts of Congress of the United States amendatory therefore and supplementary thereto, and the rules of practice of this Court and the Supreme Court of the United States.

17. Should it later appear that Petitioner is or may be liable and that the amount or value of his interest in the Vessel is not sufficient to pay all losses in full, then all prospective claimants shall be made to share *pro rata* in the aforesaid sum represented by the Stipulation, saving to all such claimants any rights of priority they may have as ordered by this Court, or as provided by the aforesaid statutes, by the Federal Rules Civil Procedure, including the Supplemental Rules, the General Maritime Law, and by the rules and practice of this Court.

## PRAYER

WHEREFORE, Petitioner prays that:

(1) This Court issue a Notice, in the form attached, to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their

respective claims with the Clerk of this Court and to serve on the attorney for Petitioner a copy thereof on or before a date to be named in the notice or forever be barred and permanently enjoined from making any such claims, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the attorney for Petitioner an answer to the Complaint on or before the said date, unless his or her claim has include an answer, so designated;

(2) This Court enjoin the further prosecution of any and all claims and the commencement or prosecution thereafter of any and all claims, suits, actions and proceedings of any nature or description whatsoever in any jurisdiction against Petitioner, the Vessel, the captain and any property of Petitioner except in this action, to recover damages for or in respect to any loss, damage, injury or death occasioned or incurred as a result of the aforesaid event;

(3) This Court adjudge Petitioner not liable to any extent for any injuries, death, losses, or damages occurring as a result of the event in question, or for any claim thereafter in any way arising out of or resulting from the aforesaid event;

(4) This Court adjudge Petitioner not liable to any extent for any injuries, death, loss, or damages occurring as a result of the event in question, or for any claim whatsoever in any way arising from or in consequence of the aforesaid event; or if Petitioner shall be adjudged liable, then such liability be limited to the amount or value of Petitioner's interest in the Vessel, with no freight pending, as aforesaid, at the end of the voyage in which it was engaged at the time of said injuries, losses, or damages, and that Petitioner be discharged therefrom upon the surrender of such interest, and that the money, if any, surrendered, paid or secured to be paid, as aforesaid, be divided, if necessary, *pro rata* among such claimants as may duly prove their claims, saving to all parties any

priorities to which they may be legally entitled, and that a final decree be entered discharging Petitioner, the Vessel and the captain and crew of the Vessel from all other liability; and

(5) Petitioner has such other, further or different relief as may be just under the circumstances.

>Respectfully submitted,
>
>**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
>
>_/s/ *Tracy Freeman*_____
>Tracy Freeman (Attorney in Charge)
>Texas Bar No. 00793757
>Federal Bar No. 19588
>909 Fannin, Suite 3300
>Houston, Texas 77010
>tracy.freeman@wilsonelser.com
>(713) 353-2000 Telephone
>(713) 785-7780 Facsimile
>*Attorney for Petitioner, Joseph Anthony Bono, III*

OF COUNSEL:
Ronald L. White
Federal Bar No. 234
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
909 Fannin, Suite 3300
Houston, Texas 77010
ronald.white@wilsonelser.com
(713) 353-2000 Telephone
(713) 785-7780 Facsimile

6